## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL COSENTINO, | ) Civil Action No.: |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ACADEMY COLLECTION SERVICES | ) |
| INC. | ) |
| Defendant. | ) |
| | ) Electronically Filed |

## COMPLAINT

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. §

1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA) and the invasions of Plaintiff's per-

sonal privacy by this Defendant in its efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred

here, Plaintiff resides here and Defendant transacts business here.

## PARTIES

4. Plaintiff Rachel M. Cosentino ("Cosentino") is a natural person who re-

sides in Tarentum, Pennsylvania, and is a "consumer" as that term is defined by 15

U.S.C. § 1692a(3).

5. Defendant Academy Collection Services, Inc. ("Academy") is a collection

agency operating from an address of 10965 Decatur Road, Philadelphia, Pennsylvania

19154-3210, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

## **FACTUAL ALLEGATIONS**

6.    While in college, Cosentino believes she completed an application for a Citibank Visa charge card.

7.    Cosentino never received the card.

8.    Upon information and belief, an unknown person received the card and allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, credit card debt.

9.    Upon receiving notice from Citibank of the alleged debt, Cosentino advised them that she never received the card, asked for the account to be closed and filed an affidavit of unauthorized use.

10.    Sometime thereafter, the alleged debt was consigned, placed, or otherwise transferred to Defendant Arrow for collection from Plaintiff Cosentino.

11.    Rachel Colon ("Colon") is a natural person employed by Defendant Arrow as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12.    On or about October 19, 2006, at approximately 7:15 p.m, Colon contacted Plaintiff on her cell phone referring to a "complaint" filed against her and mentioning legal action in violation of 15 U.S.C. §§ 1692e, e(5), e(10) in that there wasn't a complaint filed against the Plaintiff and the original creditor did not intend to file suit.

13.    Cosentino responded by telling Colon that she was at work and could not talk.  Despite this, Colon insisted on continuing the phone call in violation of 15 U.S.C. § 1692 c(a)(1).  Cosentino then hung up the phone.

14.     That same day, Colon left a message on Cosentino's answering machine stating she needed to "make a decision" on Cosentino's case and needed her full cooperation in violation of 15 U.S.C. §§ 1692e and e(5) in that Colon had no decision to make and her comment implied a threat to take legal action when no such action was contemplated or authorized by the original creditor.

15.     On or about October 20, 2006, an unknown Academy employee called Plaintiff's cell phone at approximately 1:30-2:00 p.m. The Plaintiff was asked to set up a payment plan. Cosentino explained that she never used the card. Despite this, the unknown employee asked Cosentino if she had an attorney in violation of 15 U.S.C. § 1692e(5) in that said statement implies to the least sophisticated consumer that legal action is imminent.

16.     Despite Plaintiff's dispute, Defendant Academy never provided validation of the debt and continued its collection efforts in violation of 15 U.S.C. §§1692g, g(b).

17.     On or about October 23, 2006 at approximately 1:45 p.m. Cosentino called Colon, explaining that she never used the card in question. Colon told Cosentino that she would have to send documentation to support her dispute, in violation of 15 U.S.C. § 1692g.

18.     On October 26, 2006 at approximately 12:45 p.m., Colon called the Plaintiff referencing a "complaint" filed against her in violation of 15 U.S.C. §§ 1692e, e(5), e(10). Plaintiff responded by telling Colon that she just spoke to her and thought the matter was resolved. Colon said she is on "automated dialing" and was waiting for documentation from Plaintiff and requested the affidavit Plaintiff filed with the original creditor in violation of 15 U.S.C. § 1692g.

19.     On or about October 27, 2006 at approximately 8:12 a.m., Plaintiff received a phone call from Defendant Arrow, but could not decipher the name of the person calling. The caller stated that she left several messages that were not returned and it would be in Cosentino's "best interests" to call her back immediately.

20.     On or about November 2nd or 3rd, 2006 at 12:13 p.m., plaintiff received a call from Scott Howard, another Arrow collection agent.     Cosentino explained that she thought the matter was resolved with Colon and told him about the affidavit of unauthorized use filed with the original creditor in September, 2006.  Implying that she was lying, in violation of 15 U.S.C. § §1692d, 1692e, and 1692f, Howard asked Cosentino why she waited for the card to be charged off before doing anything about the unauthorized charges. Cosentino responded by saying that she never received the card and didn't have knowledge of the charges.  Further implying that Cosentino wasn't telling the truth, in violation of the aforementioned provisions of the FDCPA. he asked her why it was taking so long for her to send them anything in writing.  Cosentino said she just received a letter from Defendant Arrow the previous Saturday. At the end of the conversation, Howard said "well I guess we'll just find out" and then he hung up.

21.     Defendant's attempt to collect the debt despite Plaintiff's assertion that she never received the card violates 15 U.S.C. § 1692e(2).

22.     The Defendant knew or should have known the debt it was collecting wasn't owed by Plaintiff, the natural consequence of repeatedly calling Plaintiff to demand payment of that debt was to "harass, oppress, or abuse" Cosentino in violation of 15 U.S.C. §1692d.

4

23. Plaintiff suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, humiliation, frustration, amongst other negative emotions, as well as suffering from unjustified and abusive invasion of personal privacy at her home and workplace.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of each and every one of Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from the Defendant herein.

### COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

27. Plaintiff incorporates by reference all of the above paragraphs of this complaint as through fully stated herein.

28. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

29. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, thereby invading and intruding upon Plaintiff's right to privacy.

30. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

31. These intrusions and invasions by Defendant occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

32. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that judgment be entered against the Defendant for:

## **COUNT I**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
## **15 U.S.C. § 1692 et seq.**

• an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

• an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendant; and

• an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant.

6

## COUNT II

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

.    an award of actual and punitive damages from defendant for the

emotional distress suffered as a result of the FDCPA violations and invasions of

privacy in an amount to be determined at trial; and

.    for such other and further relief as may be just and proper.

Dated: March 8, 2007                    Respectfully Submitted:

By:    /s/Jeffrey L. Suher
       Jeffrey L. Suher, Esquire
       Pa. I.D. No.: 74924

       Jeffrey L. Suher, P.C.
       4328 Old William Penn Highway
       Suite 2J
       Monroeville PA 15146
       (412) 374-9005
       (412) 374-0799 fax
       lawfirm@jeffcanhelp.com

JURY TRIAL DEMANDED

7